**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000406**
**20-NOV-2024**
**08:13 AM**
**Dkt. 48 SO**

NO. CAAP-21-0000406

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHUN MEI ZHANG, Plaintiff-Appellee,
v.
MING YU YOU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001683)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Ming Yu You (**You**), appeals from the June 25, 2021 Final Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**), following a jury-waived trial.[1]  You also challenges the Circuit Court's Findings of Fact, Conclusions of Law, and Judgment entered on March 28, 2019 (**FOFs/COLs/Judgment**).[2]

---

[1]    Judgment was entered by the Honorable John M. Tonaki.

[2]    The Honorable James S. Kawashima presided over the trial and entered the FOFs/COLs/Judgment.

You raises four points of error on appeal, contending that the Circuit Court erred: (1) when it found You liable for unfair trade practices (**UDAP**) under Hawaii Revised Statutes (**HRS**) 480-2 (2008); (2) when it found You fraudulently induced Plaintiff-Appellee Chun Mei Zhang (**Zhang**) into an agreement to purchase a restaurant from You; (3) when it awarded $6,250.00 in attorney's fees to Zhang; and (4) if it awarded $41,053.64 in attorney's fees to Zhang.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve You's points of error as follows:

Zhang's May 5, 2017 First Amended Complaint (**Complaint**) included three counts: (1) Intentional Misrepresentation/Fraud based on You's willful misrepresentation to Zhang that she owned and operated a Chinese restaurant on December 20, 2015, and You's subsequent inducement of Zhang into entering a purchase agreement to buy the restaurant for $25,000 (Fraudulent Inducement to Enter Contract; **Count One**); (2) Intentional Misrepresentation/Fraud based on You's concealment of the fact that You previously sold the unsuccessful restaurant to others, intended to use part of Zhang's $25,000 payment to rescind that sale, and willfully put Zhang into a losing position in a bad business whereby Zhang was caused to incur additional damages (Fraud Causing Additional Damages; **Count Two**); and (3) Breach of Contract based on You's registration and display of a food license under You's name and

2

repeated demands to return equipment and tools (Breach of Contract; **Count Three**).  The Complaint demanded judgment against You as follows:

**DEMANDS**

Therefore, [Zhang] demand judgment against [You] as follows:

1. The sale of business contract is rescinded by the Court order on the reasons of intentional misrepresentation or fraud.

2. [Zhang] should receive the $25000 payment back upon the rescission of sale contract.

3. [Zhang] should be entitled to compensate her loses [sic] of $20000 in the operating the business as the subsequent damage caused by [You].

4. [Zhang] should be entitled to the punitive damages.

5. [Zhang] should be entitled for Court cost and attorney fee.

6. [Zhang] should be entitled for all available interest on damages.

7. In addition, [Zhang] should be entitled for statutorily threefold punitive damage $135,000 ($2500+$2000) [sic] x 3 = $135,0000.

(Emphasis added).

After the three-day bench trial, the Circuit Court found and concluded, *inter alia*, that Zhang's claim for contractual rescission based on fraudulent inducement was properly brought and sufficiently supported, and that Zhang was entitled to rescind the purchase contract, be awarded, *i.e.* returned, the $25,000 purchase price (in conjunction with an order for the transfer of any title back to You), along with prejudgment interest, and reasonable attorney's fees grounded in assumpsit in an amount up to $6,250.00.  The Circuit Court further found and concluded that Zhang's claim for additional

3

post-purchase damages was too speculative and Zhang was not entitled to an award on damages on the claim.

The Circuit Court then found and concluded that You committed deceptive acts in the conduct of commerce in violation of HRS § 480-1 (2008), "including without limitations, (a) misleading Plaintiff regarding the Restaurant's ownership and profitability, (b) exploiting [Zhang's] personal history as a former Shanghai resident and (c) representing [herself] as trustworthy based on her role as an active community member." Without any award of compensatory damages, the Circuit Court awarded Zhang, pursuant to HRS § 480-13(b) (2008), treble damages amounting to $75,000, and reasonable attorney's fees, not limited to the $6,250.00 authorized by HRS § 607-14 (2016).

Punitive damages were denied. Noting that "[r]escission of contract was legally justified at its formation on December, 29, 2015," and making related findings and conclusions, the Circuit Court awarded prejudgment interest on $25,000 at the statutory rate, for 3.25 years.

Zhang later moved for the dismissal of Count Three and entry of a final judgment. Court minutes indicate that the Circuit Court "takes no action" on the motion. The Judgment was entered thereafter, which included Dismissal of Count Three.

(1) & (2) We first consider You's argument that the Circuit Court erred in finding that she fraudulently induced Zhang to purchase the subject restaurant.

You has not challenged any of the Circuit Court's Findings of Fact (**FOFs**), and therefore they are binding upon this court. See, e.g., Taylor–Rice v. State, 91 Hawaiʻi 60, 65, 979 P.2d 1086, 1091 (1999). The Circuit Court found, *inter alia*, that:

> 4. In December of 2015, [You] did not actually own the Restaurant, having previously sold it in September of 2015 to Yang Guang Zhu and Wen Fang, a.k.a. Wen De Coito, for $20,000.00.
>
> 5. To induce [Zhang] to buy the Restaurant, [You] withheld material facts about the Restaurant's September 2015 sale and its lack of profitability.
>
> 6. Instead, during the negotiations for the sale of the Restaurant with [Zhang], [You] acted as though she still owned the Restaurant and claimed that it was profitable, even though it was actually losing money and continued to do so after the sale had closed.
>
> . . . .
>
> 8. Based on [You's] knowingly false representations, [Zhang] agreed to purchase the Restaurant for $25,000.00 and paid that amount in full to [You] on December 29, 2015[.]
>
> . . . .
>
> 41. Had [Zhang] known that [You] did not own the Restaurant on December 20 and 21, 2015, [Zhang] would not have purchased the Restaurant; [Zhang] would have wanted to meet the real owner to find out why the Restaurant was for sale.

In light of the Circuit Court's unchallenged FOFs, including the above, we conclude that the Circuit Court was not wrong in finding that You fraudulently induced Zhang to purchase the subject restaurant. Nor did the Circuit Court err in concluding that Zhang was entitled to rescission of contract, with You ordered to return the $25,000 to Zhang, and Zhang ordered to transfer any "title" to the restaurant back to You.

You also argues that the Circuit Court erred in awarding treble damages and additional attorney's fees pursuant

to HRS § 480-13, primarily arguing that the Complaint did not properly allege a UDAP claim. Even assuming, *arguendo*, that the Complaint sufficiently made out a UDAP claim, as noted above, the Circuit Court's unchallenged FOFs expressly find that Zhang was not entitled to any damages award for losses she may have incurred after purchasing the restaurant from You.

With respect to You's fraudulent inducement of Zhang to purchase the restaurant, the remedy awarded by the Circuit Court was rescission of the sales contract – You was ordered to return the purchase money of $25,000 to Zhang, and Zhang was ordered to transfer any "title" to the restaurant back to You – not an award of damages. As the Hawaiʻi Supreme Court has held, "[t]he result of rescission is to return both parties to the status quo ante, *i.e.*, each side is to be restored to the property and legal attributes that it enjoyed before the contract was entered and performed." Exotics Hawaii-Kona Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 288, 172 P.3d 1021, 1032 (2007). Zhang unequivocally sought, and was granted, the remedy of rescission, and she did not bring forward evidence supporting an award of any damages sustained as a result of a UDAP violation, as reflected in the Circuit Court's FOFs/COLs/Judgment. The Circuit Court did not award any compensatory damages to Zhang based on a UDAP claim.

The Hawaiʻi Supreme Court has held:

> To establish a prima facie case for a UDAP claim, [a plaintiff] must establish "(1) either that the defendant violated the UDAP statute (or that its actions are deemed to violate the UDAP statute by another statute), (2) that the consumer was injured as a result of the violation, and (3)

6

<u>the amount of damages sustained as a result of the UDAP violation.</u>"

<u>Lima v. Deutsche Bank National Trust Co.</u>, 149 Hawaiʻi 457, 464-65, 494 P.3d 1190, 1197-98 (2021) (quoting <u>Kawakami v. Kahala Hotel Investors, LLC</u>, 142 Hawaiʻi 507, 519, 421 P.3d 1277, 1289 (2018)) (emphasis added).

The court in <u>Lima</u> emphasized that a plaintiff "must establish compensatory damages" to prevail on a UDAP claim. <u>Id.</u> at 465, 494 P3d 1190 at 1198 ("where a tort claim requires a plaintiff to 'separately establish damages,' the plaintiff cannot simply infer damages based upon the alleged tort -- *i.e.*, nominal damages") (citation omitted). Here, the Circuit Court declined to award damages to Zhang based on a UDAP claim. The rescission of a contract for fraud in the inducement is not a damages award. <u>Hong v. Kong</u>, 5 Haw. App. 174, 181, 683 P.2d 833, 840 (1984). Thus, we conclude that the Circuit Court erred in trebling the amount of money ordered returned to Zhang as a rescissionary remedy and invoking HRS § 480-13(b) as basis for awarding attorney's fees in excess of the amount permitted under the assumpsit statute.

(3) & (4) You argues that attorney's fees should not have been awarded to Zhang, either under HRS § 607-14 or HRS § 480-13(b). Because we conclude that Zhang did not establish all of the elements necessary for relief under UDAP, we conclude that the Circuit Court erred in awarding attorney's fees in the amount of $41,053.65. However, You's argument that the attorney's fees awarded in the amount of $6,250.00 are

7

unsupported by proper authority is without merit. The Circuit Court properly found and concluded that contractual rescission is in the nature of assumpsit and that Zhang was entitled to reasonable attorney's fees up to $6,250.00 pursuant to HRS § 607-14.

For these reasons, we vacate the Circuit Court's June 25, 2021 Judgment and March 28, 2019 FOFs/COLs/Judgment to the extent that the Circuit Court awarded treble damages and attorney's fees in excess of $6,250.00; we otherwise affirm. This case is remanded to the Circuit Court for entry of an amended judgment consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, November 20, 2024.

On the briefs:

Scot Stuart Brower,
for Defendant-Appellant.

Wen Shen Gao,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge